[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in the present case is seeking damages for the towing and storage of an automobile. The defendant appeared but was defaulted for failure to plead. The plaintiff filed an affidavit seeking $155.00 for towing; and $12,195.00 for storage. At the hearing in damages calendar, the plaintiff's manager explained that the storage claim was arrived at by charging $15 per day for the first 5 days and $30 per day thereafter for 404 days. The owner also testified that the defendant, after notice from the plaintiff the day the car was towed, removed all items three days later. The manager further testified that as the car's front end was so seriously damaged, he placed the car in the back of his lot until he sold it approximately 13 months later.
General Statutes § 14-150 provides a mechanism for towing operators and garage owners to reasonably and speedily sell vehicles which are deemed abandoned. General Statutes §14-150 (g) not only allows the garage owner to have a lien on storage charges, but also allows the owner to sell the vehicle, after notice, after storage of 15 days if the vehicle is worth CT Page 2116 less than $500. Vehicles worth more than $500 may not be sold until after 90 days. In the present case, notwithstanding that this vehicle was ultimately sold for $412, the owner chose not to sell it until some 13 months.
It is obvious that the plaintiff's position is untenable. The legislature adopted, and over the years has modified, a process that allows towing companies or garages to dispose of abandoned vehicles. For instance, in a debate on this very issue in 1963, Representative Pattison stated, in part:
"Mr. Speaker, the storage and subsequent disposal of abandoned motor vehicles has been a problem to the garage owners of Connecticut. Under the present law any person having towed a vehicle to his place of business at the request of a police officer must retain that vehicle on his lot for ninety days. . . . In the majority of cases these vehicles are classed as junk and the cost involved exceeds the value of the vehicle. Passage of this bill will allow sale of these vehicles after a period of thirty days rather than ninety and if the value of the vehicle is $35.00 or less. I strongly urge passage of this bill." 10 House Procs., Part 6, May 15, 1963 at 2438. Yet, some 34 years later, the plaintiff herein, rather than quickly trying to dispose of the defendant's vehicle, retained it for over thirteen months.
The problem, of course, is that under the plaintiff's theory, it can charge $30 per day for as long as it wants. Why not, for instance, keep the vehicle in the back for another 6 months, 12 months, etc. This argument is wrong and must fail.
The statute anticipates a speedy process to dispose of vehicles. Without evidence indicating a reason why the vehicle could not be sold within the statutory time frame (and this court received no such evidence) the garage cannot claim storage fees much beyond that date.[1]
This court is also concerned with the storage charges. No evidence was introduced on how the $30 per day was established or the need or basis to justify an increase from $15 per day after five days. This court will utilize a storage fee of $15 per day.
General Statutes § 14-150 allows vehicles worth less than $500 to be sold after fifteen days. This vehicle was ultimately sold for $412 but perhaps, one year earlier, it could have been CT Page 2117 sold for $88 more and thus this court will utilize the ninety day period set forth in the statute. Moreover, it will add an additional seven days to accomplish the sale. Accordingly, this court awards damages for the plaintiff based on the following formula:
 (1) Towing charges ................................... $155. (2) Storage fees 97 x 15 ............................. 1455. (3) Less amounts received at sale .................... 412. ------ Damages ............................................... $1198.
 Judgment enters for the plaintiff in the sum of $1198 plus costs of $190.90.
Berger, J.